**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARRYL MAURICE YOUNG,**

    **Plaintiff,**

**vs.**	**Case No. 4:09cv72-RS/WCS**

**WALTER MCNEIL, et al.,,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se* in this civil rights action, has recently been ordered to file a third amended complaint. Doc. 30. Pending in this case, however, are two motions for a preliminary injunction. Docs. 1, 11.

In Plaintiff's first motion, doc. 1, Plaintiff requests that an order be entered requiring the Florida Department of Corrections to install security cameras in all food service facilities, presumably to prevent food tampering. Plaintiff alleges that has has received sour milk, that dead flies were in the flour while making apple crisp, and an inmate has tampered with the apple crisp. Doc. 1, p. 6. Plaintiff alleged that his greens at one time tasted like bodily fluids, he found a foreign object in a cake, dinner was delayed due to a foreign object contaminating the food, and he had "a soggy saturated

french toast which left a foul odor in [his mouth." *Id.*, at 7.  Plaintiff wants security cameras instead in every food service facility, for viewing breakfast, lunch and dinner meals daily, and to have generator backup power on all cameras.  *Id.*, at 8.  Where cameras are not possible, then Plaintiff requests that officials serve meals instead of "negligently entrusting inmates to serve any meals."  *Id.*  Plaintiff also wants a meeting with a dietician to customize meal plans.  *Id.*  The second motion for a preliminary injunction, doc.11, is virtually identical and, thus, will be treated together with the first motion, doc. 1, in this report and recommendation.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983).  Guiding this discretion is the required finding that plaintiff has established:

   (1) a substantial likelihood of success on the merits;

   (2) a substantial threat of irreparable injury if the injunction were not granted;

   (3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

   (4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Because Plaintiff's amended complaint, doc. 7, and his second amended complaint, doc. 27, have been found insufficient to properly state a claim and Plaintiff has been required to submit a third amended complaint, *see* doc. 30, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief.  Therefore, both motions for preliminary injunction should be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Furthermore, if Plaintiff is entitled to any relief in this case, that relief should be determined at the end of this litigation.  Plaintiff has not shown a substantial threat of irreparable injury if the injunction were not granted.  That is especially true where Plaintiff is seeking relief throughout the entire prison system in the State of Florida.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 1, and his motion for a preliminary injunction, doc. 11, be **DENIED,** and this case be **REMANDED** for further proceedings and the review of Plaintiff's third amended complaint when filed.

**IN CHAMBERS** at Tallahassee, Florida, on June 9, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:09cv72-RS/WCS