**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DARRYL MAURICE YOUNG,**

   **Plaintiff,**

vs.                                          **Case No. 4:09cv72-RS/WCS**

**WALTER MCNEIL,**

   **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* in this civil rights action, has filed a third amended complaint, doc. 39. Plaintiff had objected to the order directing him to amend, doc. 43, and the objection has been denied. Doc. 48. Thus, while review of the third amended complaint was delayed until Plaintiff's objections were considered, doc. 47, review is now appropriate.

Plaintiff named Walter McNeil, Secretary of the Florida Department of Corrections as the only Defendant in this case. Doc. 39. Plaintiff complains that he is served contaminated food by the inmates who work as orderlies from food service. Plaintiff seeks modification of the food service procedures to require prison officials to serve the food instead of other inmates. *Id.*

Plaintiff used the complaint form as required to set forth his claims. The complaint form requires prisoner litigants to list all prior cases they have filed so that the court can determine that a plaintiff has previously abused his *in forma pauperis* status. 28 U.S.C. § 1915. Furthermore, prior claims are reviewed to ensure that the claims were not previously litigated, or are not currently being litigated. Plaintiff's listing of cases has been thoroughly reviewed, doc. 39. Plaintiff indicates he filed a case on September 7, 2007, in the Southern District of Florida, against Defendants Rios, Ridley, and Steel, and states it is still pending and Judge Patrick White is presiding, but Plaintiff fails to identify the case number. Judicial notice is taken that Plaintiff filed case 2:07cv14277 against those three Defendants.[1] That civil rights case under § 1983 was filed on September 17, 2007, and Magistrate Judge Patrick A. White entered a report and recommendation on July 21, 2009. Doc. 99, of that case.

On page 5, Plaintiff has listed three more cases, although he fails to properly and clearly identify those cases, or their filing dates. Plaintiff reports having filed a case in the Middle District, on or about May 11, 2006. Plaintiff indicates at first that he filed just one case, and states it is still pending, but then underneath his information about the facts and claim of the case, he lists three different case numbers: 5:06cv167,[2] 5:07cv163,[3] and 5:08cv274. Providing the information in that manner may not be

_____

[1] Plaintiff did provide the case number in his second amended complaint, doc. 27, p. 6.

[2] Case 5:06cv167 was filed on May 11, 2006, and is a habeas petition which is still pending. Plaintiff acknowledged only this one case in the second amended complaint, doc. 27, p. 6.

[3] Case 5:07cv163, was filed on April 23, 2007, in the Middle District and is also a habeas petition that remains currently pending. Case 5:08cv274 was filed on July 3,

intentionally deceptive, but it does not comply with the instructions on the complaint form and does not provide all the required information.  Furthermore, those three cases were filed in three successive years and, thus, were obviously not all filed on May 11, 2006.  Plaintiff should have separately identified each case with the required information.

Plaintiff then lists one case as being still pending in state court.  Doc. 39, p. 5. He reports having filed it in February of 2007, in the Second Judicial Cirtcuit, with Judge Kevin Davey presiding.

Plaintiff fails to list numerous other cases which he has filed.  Plaintiff did not list case 5:07cv02, which was initiated in the Southern District of Florida and then transferred to the Middle District of Florida on January 4, 2007.  The case was against Defendants Rios, Ridley, and Steele.  The case was dismissed on July 30, 2007 as barred by Heck v. Humphrey, 512 U.S. 477 (1994), which was *prior* to service and because it failed to state a claim.  Plaintiff did not, however, list this case, nor did he indicate he had ever had any action "dismissed as frivolous, malicious, failing to state a claim, or prior to service."  Doc. 39, p. 4.  That case counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff also failed to list case 2:06cv14207, filed on August 10, 2006, in the Southern District of Florida against Defendants Rios, Ridley, and Steele.  This was the case that was transferred to the Middle District on January 4, 2007.

Plaintiff also fails to list case 6:06cv733, a habeas petition filed in the Middle District on May 30, 2006 which was dismissed on December 4, 2006, and the Eleventh

2008, in the Middle District, and it is pending.  Both of these cases were separately listed in the second amended complaint, doc. 27, p. 5.

Circuit then denied Plaintiff's request for a certificate of appealability. While not civil rights cases that could impact the claims here or Plaintiff's eligibility for *in forma pauperis* status, it is noted because Plaintiff has failed to acknowledge the case.

It is unclear whether Plaintiff may have initiated other undisclosed civil rights cases, yet because it is highly likely that this individual is the same plaintiff, the following information is provided. A plaintiff named Darryl M. Young, with an identification number of #704647, filed case 1:98cv182 on November 3,1998, while housed at the North Florida Evaluation and Treatment Center. Although I had entered a report and recommendation in that case, doc. 14, to dismiss for failure to state a claim, the plaintiff filed a notice of voluntary dismissal and the report and recommendation was not adopted.

A plaintiff named Darryl M. Young filed numerous cases in the Middle District of Florida in 1998. Case 6:98cv714 was initiated on June 23, 1998, and dismissed on September 27, 1999 for failure to comply with court orders. The plaintiff was housed at Orange County Correctional Facility, with inmate # 9718409.[4] That same plaintiff filed another civil rights case on July 10, 1998, which was dismissed on August 21, 1998 for failing to file an amended complaint. The same plaintiff filed cases 6:98cv832 on July 22, 1998, and 6:98cv852 on July 24, 1998, which were likewise dismissed on September 11, 1998, for failing to file amended complaints. Plaintiff Darryl M. Young also filed case 6:98cv854 on July 24, 1998, and it was dismissed on August 26, 1998 for failing to file an amended complaint. That same plaintiff filed yet another § 1983 civil

---

[4] Jail inmate numbers are not the same as the number given an inmate within the Florida Department of Corrections.

rights case on December 8, 1997. The case was dismissed on March 12, 1998. It is likely that the plaintiff Darryl M. Young is the same plaintiff because the Department of Corrections' website shows Plaintiff Darryl Maurice Young as being incarcerated based on offenses from May of 1997, originating out of Orange County, Florida, and who was sentenced on July 13, 1999. The coincidence is too great that another person named Darryl M. Young was held in the Orange County jail during 1998 when Plaintiff was there.

If those cases were not filed by this Plaintiff Darryl Young, then Plaintiff shall provide documentary evidence of his inmate number while held at the Orange County Correctional Facility, before entering the custody of the Department of Corrections. However, even *if* it is remotely possible Plaintiff did not file the six cases in the Middle District during 1997 and 1998, Plaintiff still failed to properly and honestly disclose all cases he has filed.

A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved. In Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), the Supreme Court acknowledged that "'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* United States v. Hudson, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. 259, 260 (1812); *see also* Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980). These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious

disposition of cases." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962).

The Supreme Court included within its listing of inherent powers of courts the ability to set aside fraudulently obtained judgments. Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944). This power is necessary to protect the "integrity of the courts, for 'tampering with the administration of justice in [this] manner ... involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public.' " Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas, 322 U.S. at 246, 64 S. Ct. at 1001. The Court went on to state that "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946).

This court does take, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Moreover, in the wake of 28 U.S.C. § 1915(g)[5], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes"

---

[5]Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

provision.  The task falling upon this court to investigate the prior filings of complaints is

unfortunately necessary in light of the number of inmates who file multiple lawsuits and

fail to inform the court of on-going or previously dismissed lawsuits.  This burdens

already limited judicial resources and diverts the court's time and energy "away from

processing good faith claims."  *See* In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988).

Delays in the adjudication of cases creates public dissatisfaction and frustration with the

courts.  Tyler, 839 F.2d at 1293.  "Such delays also result in the unfortunate

continuation of wrongs and injustices while the cases that would correct them sit on

court calendars."  Tyler, 839 F.2d at 1293.

     Although prisoners have a constitutional right of access to the courts, *see*

Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977), "this

right is not absolute or unconditional."  Procup v. Strickland, 760 F.2d 1107, 1111 (11th

Cir. 1985), *on rehearing,* 792 F.2d 1069 (11th Cir. 1986) (vacating the district court's

injunction, but holding that the district court has authority to impose serious restrictions

on Procup's bringing matters before the court without an attorney.).  Litigant are not

permitted to use the judicial system in a dishonest manner.  Such dishonesty is

considered serious enough to impose a "strike" under 28 U.S.C. § 1915(g) when a

prisoner fails to truthfully or completely disclose prior lawsuits.  Rivera, 144 F.3d at 731.

*See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)(stating that "[a] claim that fails to

allege the requisite exhaustion of remedies is tantamount to one that fails to state a

claim upon which relief may be granted.")  Abuse of the judicial process, whether or not

characterized by a court as "frivolous" or "malicious" is a strike.  144 F.3d at 731.

Additionally, it matters not that the case was dismissed "without prejudice."  *Id.*

Relying upon the Supreme Court's guidance in <u>Chambers</u>, this court acknowledges that a court's inherent power must be exercised with "restraint and discretion." <u>Chambers</u>, 501 U.S. at 44; *see* <u>Roadway Express</u>, 447 U.S. at 764, 100 S. Ct. at 2463. This court has the "ability to fashion an appropriate sanction for conduct which abuses the judicial process." <u>Chambers</u>, 501 U.S. at 44-45. Recognizing that outright dismissal of a lawsuit is a particularly severe sanction, <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980), it is also trued that in the case of pro se litigants who have been granted *in forma pauperis* status, the imposition of monetary sanctions will have little impact. Therefore, it is recommended that this case be dismissed as an abuse of the judicial process for Plaintiff's failure to honestly disclose all prior cases he has filed.

"Invocation of a court's inherent power requires a finding of bad faith." <u>Mroz</u>, 65 F.3d at 1575; <u>Chambers</u>, 501 U.S. at 49. As has been the case in this Court, failing to truthfully file a complaint form and acknowledge all prior cases is an example of bad faith. *See* <u>Jones v. Warden of Stateville Correctional Center</u>, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995). The Eleventh Circuit as well as other jurisdictions have recognized the need for sanctions when *pro se* inmates fail to inform the court of prior litigation by not completing the complaint forms fully and truthfully. <u>Procup</u>, 760 F.2d at 1111, n. 5 (stating "[t]he information sought is needed to determine whether the claim being filed presents a new, non-frivolous issue and whether it is being brought maliciously"); *see also*, <u>Jones</u>, 918 F. Supp. at 1150-1151 (finding "[t]he knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court."). Here, Plaintiff did

not fail to list one or two cases, but many. Plaintiff did not just fail to list the cases in his third amended complaint, doc. 39, but in his prior complaints submitted in this case as well. Thus, Plaintiff has demonstrated a pattern of deceitful conduct and this case should be dismissed. If Plaintiff suffered no penalty for his untruthful answers, presented in a document signed under penalty of perjury, there would be little or no disincentive for Plaintiff's attempt to evade or undermine the purpose of the complaint form. Additionally, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's wilful omissions to go without consequences.

In light of the foregoing, it is respectfully **RECOMMENDED** that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this cause without prejudice. Accordingly, it is recommended that Plaintiff's third amended complaint, doc. 39, be **DISMISSED** as malicious pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on August 6, 2009.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.